IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-318-BO

| | |
|---|---|
| BANNOR MICHAEL MACGREGOR, ) | |
| ) | |
| Appellant, ) | |
| V. ) | O R D E R |
| ) | |
| KEVIN L. SINK, Trustee for ) | |
| Duncan Morgan, LLC, ) | |
| ) | |
| Appellee. ) | |

This cause comes before the Court on appellant's *pro se* motion for leave to appeal. Appellee has responded and the matter is ripe for ruling. For the reasons that follow, appellant's motion is denied.

## BACKGROUND

Appellant, Bannor Michael MacGregor (hereinafter appellant or MacGregor), seeks leave pursuant to 28 U.S.C. § 158(a)(3) to appeal orders of the United States Bankruptcy Court for the Eastern District of North Carolina, Raleigh Division entered June 4, 2020, and June 5, 2020. [DE 1]. The 4 June 2020 order held appellant in contempt and the 5 June 2020 order purged the contempt.

The debtor in the underlying bankruptcy proceeding, Duncan Morgan, LLC, filed a petition pursuant to Chapter 11 of the United States Bankruptcy Code on July 8, 2019. MacGregor is a creditor and equity holder of the debtor. Appellee, Kevin Sink (herein after appellee or trustee), was appointed Chapter 11 trustee by the bankruptcy court on August 21, 2019. On April 9, 2020,

the trustee filed a motion for production of documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure seeking the production of certain documents by MacGregor. The bankruptcy court granted the motion the same day and ordered MacGregor to produce any and all bank statements for accounts on which MacGregor has signatory authority for the period of January 1, 2017, to present that had not previously been provided to the trustee. Appellant moved for reconsideration of this order, which was denied by the bankruptcy court by order entered May 15, 2020. Appellant then sought leave to appeal that order, which was denied by this Court by order entered June 30, 2020. *MacGregor v. Sink*, No. 5:20-CV-210-BO (E.D.N.C.).

On June 1 and June 3, 2020, the bankruptcy court held hearings on the trustee's emergency motion for sanctions for contempt of court against appellant. The trustee argued that appellant had still failed to comply with the Rule 2004 order. On June 4, 2020, the bankruptcy court granted the trustee's emergency motion and held appellant in civil contempt. The court ordered appellant to be arrested and detained by the United States Marshals Service until he had purged his contempt.

On June 5, 2020, the bankruptcy court held that appellant was purged of his civil contempt subject to terms and conditions; release from custody was conditional on appellant appearing, testifying, and cooperating at the continuation of the Rule 2004 examination, timely production of any additional Rule 2004 documents that may be identified during the continued Rule 2004 examination, and timely reimbursement to the estate for the costs associated with the contempt proceeding. The bankruptcy court further reserved judgment on whether appellant's contempt and conduct within the case constitutes cause for disallowance in whole or in part or equitable subordination of his claims and interests.

2

## DISCUSSION

District courts have jurisdiction to "hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S. § 158(a). Interlocutory orders are "those bankruptcy court orders that are provisional in nature and subject to revision . . . ." *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013). An appeal of any bankruptcy court order that is not a final order is interlocutory, and the party seeking to appeal must receive leave of court to do so. 28 U.S.C. § 158(a)(3). "In seeking leave to appeal an interlocutory order or decision, the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000) (citation omitted).

District courts will typically grant leave to appeal only where the interlocutory order implicates a controlling question of law regarding which there is a substantial ground for a difference of opinion and an immediate appeal will materially advance the termination of the litigation. *Atl. Textile Grp., Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996); *Weaver Cooke Const., LLC v. Randolph Stair & Rail Co.*, No. 5:14-CV-709-BR, 2014 WL 6460609, at *1 (E.D.N.C. Nov. 17, 2014). However, due to the nature of bankruptcy proceedings, the concept of finality for purposes of appellate jurisdiction is somewhat flexible, allowing any order which "finally dispose[s] of discrete disputes within the larger case" to be immediately appealed. *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir.1983)).

Appellant has not demonstrated that the interlocutory orders which he seeks leave to appeal implicate controlling questions of law or that the appeal will materially advance the termination of

3

the litigation. Even applying a more flexible standard, appellant has not demonstrated that the issue of contempt within the larger case is ripe for appeal. Indeed, the order purging contempt was made conditional on appellant's continued compliance. The issue of contempt has thus not been disposed of.

## CONCLUSION

Accordingly, for the foregoing reasons, appellant's motion for leave to appeal is DENIED. The clerk is directed to close this case.

SO ORDERED, this _20_ day of August, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4

Case 5:20-cv-00318-BO   Document 8   Filed 08/21/20   Page 4 of 4